(10 Misc. Rep. 20.)

SUSSMAN v. MASON.

(City Court of Brooklyn, General Term. Oct. 22, 1894.)

TENDER—PLEADING.

In an action to recover a certificate of stock pledged as collateral security for a loan, the complaint alleged that a certain sum was due on account of said loan, "which sum plaintiff tendered to defendant on December 27, 1893, and demanded a return of said certificate." *Held*, that the allegation as to the amount due referred to the date of the verification of the complaint, and not to the time of tender, and therefore the complaint was insufficient.

Appeal from trial term.

Action by Adolph Sussman against John L. Mason to recover possession of certain notes and certificates of stock. From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

W. G. Havens, for appellant.

S. S. Hemingway, for respondent.

CLEMENT, C. J. The summons in this action is dated January 31, 1894, and the complaint was verified on the same day. The plaintiff claims in his complaint that between May 23 and June 26, 1892, the defendant loaned him the sum of $2,000, to be repaid with legal interest, and that as security for said loan he (plaintiff) deposited with defendant a certificate for 29 shares of stock of the Keystone Savings & Investment Association, which certificate and certain promissory notes made by plaintiff to defendant were to be returned upon payment of the said sum of $2,000 and interest; that there is due the defendant on account of said loan not more than $1,050, which sum plaintiff tendered defendant on the 27th day of December, 1893, and demanded a return of said certificate and notes. The plaintiff demands judgment for the return of the certificate and notes, and for such other relief as may be just. The action is based on the theory of a tender of the amount due, and a refusal to deliver the collaterals. It is not clear that the statement in the complaint "that there is due the defendant on account of said loan not more than one thousand and fifty dollars" is an allegation of a fact. It would appear to be a conclusion of law. In view of another point, it is not necessary to decide the question. There is nothing in the complaint to show how much was due at the date of the tender, December 27, 1893. The allegation "that there is due the defendant on account of said loan not more than one thousand and fifty dollars" refers to the date of the verification of the complaint, January 31, 1894. We are therefore of opinion that the complaint did not state a cause of action, and that the interlocutory judgment on demurrer should be reversed, with costs of appeal and at special term, with leave to plaintiff to serve an amended complaint on payment of such costs.